## Commonwealth v. Conlin

*Louis G. Feldmann,* district attorney; *Albert F. Maier,* assistant district attorney, and *Leroy Long,* for Commonwealth.

*James P. Costello, Jr.,* and *Robert J. Gillespie,* for defendant.

LEWIS, J., July 27, 1954.—Defendant has appealed to us from a summary conviction for disorderly conduct.

On January 29, 1954, a warrant was issued for the arrest of defendant, charging disorderly conduct by wilfully making or causing to made loud, boisterous and unseemly noises to the annoyance of the peaceable residents nearby whereby the public peace was broken and disturbed, by firing high-powered rifles and shotguns within 150 feet of resident homes, all contrary to the act of assembly in this Commonwealth in such case made and provided.

The Act of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406, defines disorderly conduct as follows:

"Whoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents near by, or near to any public highway, road, street, lane, alley, park, square, or common, whereby the public peace is broken or disturbed or the traveling public annoyed, is guilty of the offense of disorderly conduct . . . ."

The Act of 1939, supra, is a reënactment of the Act of May 2, 1901, P. L. 132, amending the Act of June 25, 1895, P. L. 271.

A careful analysis of the Acts of 1895 and 1901 indicates that no substantial change was made by the Act of 1939 under which defendant was found guilty of disorderly conduct.

We do not feel that the acts with which defendant is charged come within the statute.

In Commonwealth v. Sybert, 20 Dist. R. 88, the court stated:

"The act of assembly was not passed to remedy a private injury but to redress a public wrong."

In Commonwealth v. Sybert, supra, the court quoted Commonwealth v. Ferree, 6 Dist. R. 639, in which the court said:

"The acts complained of must involve some invasion of the quiet and peaceable enjoyment by the public of places dedicated to the use of the public, in order that an offence be made out."

See, also, Commonwealth v. Brenneman, Appellant, 172 Pa. Superior Ct. 198.

No authority indicating a contrary construction of the Act of 1939, supra, has been cited to the court.

Under the facts before us we find defendant not guilty.

### Order

The appeal of defendant is sustained, defendant is found not guilty, and the county is directed to pay the costs.